**Patricia A. BROOM, Plaintiff,**

v.

**Robert Edward DUDLEY, II, Defendant.**

**Civ. A. No. 94–CV–40101–FL.**

United States District Court,
E.D. Michigan,
Southern Division,
at Flint.

July 12, 1994.

Order Denying Substitution of Parties and Denying Remand Upon Reconsideration Oct. 19, 1994.

Order Denying Reconsideration Jan. 26, 1995.

Nancy Abraham, Asst. U.S. Atty., Flint, MI, for plaintiff.

Lance A. Fertig, Owosso, MI, for defendant.

## MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is plaintiff's petition for remand (D.E. #4) and defendant's motion to substitute parties (D.E. #7). A hearing on these motions was held on May 25, 1994, and supplemental briefs were filed by the parties as requested by the Court. As discussed herein, disposition of these motions requires an evidentiary hearing to determine whether defendant was acting within the scope of his employment during the incident forming the basis of plaintiff's complaint.

This action arises out of an incident that occurred at the U.S. Post Office in Howell, Michigan on October 28, 1992, in which plaintiff allegedly was intentionally "pushed and assaulted" by defendant, resulting in a back injury to plaintiff. Both plaintiff and defendant were employed by the U.S. Postal Service at the time of the incident.

Plaintiff filed this action in Livingston County Circuit Court, claiming assault and battery. Defendant removed pursuant to 28 U.S.C. § 2679(d) of the Federal Tort Claims Act,[1] which provides that the United States may substitute itself for a defendant government employee whom the U.S. Attorney General certifies was acting within the scope of his employment at the time of the incident giving rise to the action. A Certificate of Scope of Employment has been filed, attached to D.E. #3. In that certification, Assistant U.S. Attorney L. Michael Wicks, to whom authority has been delegated pursuant to 28 C.F.R. § 15.3, certifies that "[o]n the basis of the information now available with respect to the incident referred to therein ... [defendant] ... was acting within the scope of his employment as an employee of the United States at the time" of the incident giving rise to this lawsuit. Central to both motions is whether defendant was indeed acting within the scope of his employment at the time of the incident.

The Sixth Circuit Court of Appeals most recently addressed application of the "Westfall Act," codified at 28 U.S.C. § 2679, in *Henson v. NASA*, 14 F.3d 1143 (6th Cir. 1994):

The Federal Employees Liability Reform and Tort Compensation Act shields federal employees from liability for common law torts committed within the scope of employment. Under the Act, the United States shall be substituted for the employee as a defendant in any common law tort action initiated against an employee if the employee was acting within the scope of employment. 28 U.S.C. § 2679(d)(1). Such substitution will be granted upon the certification of the Attorney General that the employee was acting within the scope of employment. Certification is reviewable by the district court. *Arbour v. Jenkins*, 903 F.2d 416, 421 (6th Cir.1990) [further citations omitted].

14 F.3d at 1147. Thus, upon plaintiff's request, the court will review the scope certification to determine its validity. Review of the Attorney General's scope certification is

1. As amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act"), Pub.L. No. 100–694, 102 Stat. 4563.

*de novo. Green v. Hall,* 8 F.3d 695, 698 (9th Cir.1993). In this case, such a review necessitates an evidentiary hearing to determine the basis of the government's certification as well as the facts presently known by plaintiff that support her claim.

The *Henson* court continued:

> The remedy for an action in which the United States has been substituted for the employee is provided by the Federal Tort Claims Act and lies against the United States, not the individual. Moreover, "[t]he remedy against the United States provided by the [Federal Tort Claims Act] for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment *is exclusive of any other civil action* or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim.... *Any other civil action* or proceeding for money damages arising out of or relating to the same subject matter *against the employee ... is precluded* without regard to when the act or omission occurred." 28 U.S.C. § 2679(b)(1) (emphasis added).
>
> The Federal Tort Claims Act excepts many torts from coverage. 28 U.S.C. § 2680.... However, the employee may not be sued even when the alleged tort is not compensable due to an exception to the Federal Tort Claims Act. *United States v. Smith,* 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991).

*Id.*

The preceding discussion answers the Court's questions regarding whether the ex-

ceptions to the Federal Tort Claims Act, provided at 28 U.S.C. § 2680, preclude operation of the substitution and removal provisions of § 2679(d). In *Smith,* the Supreme Court specifically rejected such an argument. 499 U.S. at 165, 111 S.Ct. at 1184–85. In this case, if the government's scope certification is upheld, and the United States is substituted as the defendant herein, then plaintiff's action will be dismissed pursuant to 28 U.S.C. § 2680(h).[2]

■■■ The Sixth Circuit has made it clear that the Attorney General's "scope certification" is subject to district court review as a matter of law. *Id.; Arbour,* 903 F.2d at 421–22. The standard governing whether a federal employee's actions were taken within the scope of his or her employment is governed by the law of the state in which the incident occurred. *Henson,* 14 F.3d at 1147, *Arbour,* 903 F.2d at 421–22. In Michigan, "an employee is acting within the scope of his employment if he is engaged in the service of his master." *Arbour,* 903 F.2d at 422; *Barnes v. Mitchell,* 341 Mich. 7, 67 N.W.2d 208 (1954). To determine this, one must question "whether the employee's actions are within his authority." *Arbour,* 903 F.2d at 422 (citation omitted). Moreover, the Sixth Circuit recognized in *Arbour* that even intentional torts may fall within an employee's scope of employment. *Id.*

In this case, plaintiff challenges the Attorney General's scope certification, arguing that defendant's actions could not have been within the scope of his employment. In her petition, and elsewhere, plaintiff alleges that defendant pushed her intentionally and with vengeance.[3] Plaintiff's petition at 4.[4] Plain-

---

**2.** Section 2680(h) precludes actions against the United States under the Federal Tort Claims Act for, *inter alia,* assault and battery.

**3.** Plaintiff also refers to defendant's alleged "personal vendetta" against her in plaintiff's response to defendant's affidavits (D.E.# 13), in her brief in objection to defendant's motion to substitute (D.E.# 5) at 2, and in her memorandum filed in response to the Court's inquiries following the May 23, 1994 hearing (D.E.# 9) at 5. Nevertheless, plaintiff supports none of these statements with citation to an affidavit or other evidence in the record supporting plaintiff's allegation as to

defendant's motivation or state of mind. In fact, no allegation of a personal vendetta appears even within plaintiff's own affidavit, notarized on June 13, 1994 (attached as exh. C to plaintiff's response to defendant's affidavits).

**4.** Plaintiff shall hereafter number the pages in her briefs filed with the Court.

Furthermore, plaintiff shall refrain from arguing legal positions without citation to legal authority. Plaintiff's filings are conspicuous for their absence of citation to case law, particularly in support of plaintiff's positions on the operation of 28 U.S.C. §§ 2679 and 2680. Most obvi-

tiff fails to state a factual basis for her belief regarding defendant's motivation. At the same time, the Attorney General's scope certification fails to provide a factual basis for Mr. Wicks' conclusion that defendant's actions were taken within the scope of his employment.

Following the hearing, on June 3, 1994, defendant filed both his own affidavit and that of his supervisor, Donald Sredzinski. Through these affidavits, defendant sets forth his view of the incident that may have occurred on October 28, 1992. Mr. Sredzinski's affidavit supports defendant's view of events. In essence, these affidavits amount to a denial that any intentional contact took place between defendant and plaintiff. Moreover, defendant asserts that any contact was incidental to his performance of his duties for the U.S. Postal Service, and insinuates that plaintiff may be motivated by her own ill feelings toward defendant and her job.

Plaintiff, responding to this submission by defendant, filed her own affidavit on June 23, 1994. In her affidavit, plaintiff alleges that defendant intentionally and forcibly ran his body into her's, causing the injuries of which she complains. Moreover, in taking this action, plaintiff alleges that defendant swore at her, indicating that his actions were in retaliation for plaintiff's work activity of the preceding day.

For the foregoing reasons, the Court concludes that an evidentiary hearing is required before disposition of the motions now pending. A hearing shall be held on **August 22, 1994,** at **10:30 a.m.** At the hearing, plaintiff shall have the burden, by a preponderance of the evidence, of establishing factual support for the allegations made in the complaint. The Court will make factual findings as to what allegations plaintiff may properly assert; the parties should note that this is not a determination of what did in fact occur, but what allegations are supported by facts presently known to plaintiff and thus properly asserted in the Complaint. Following the Court's ruling, the government shall have the burden of establishing the validity of its certification that defendant's actions, as properly alleged by plaintiff, were taken within the scope of defendant's employment.[5]

Accordingly, disposition of plaintiff's petition for remand (D.E. # 4) and defendant's motion to substitute parties (D.E. # 7) is WITHHELD until after a proper evidentiary hearing has been held and the Court becomes fully advised in the matters now pending.

SO ORDERED.

## ORDER DENYING SUBSTITUTION OF PARTIES AND DENYING REMAND UPON RECONSIDERATION

Before the Court are two motions: (1) plaintiff's petition for remand (D.E. # 4); and (2) defendant's motion to substitute the United States as the defendant party to this action (D.E. # 7). A hearing on the motions was held on May 25, 1994, and a further evidentiary hearing was held on September 27, 1994. Following the submission of testimony at the evidentiary hearing, the Court ruled that, once challenged by the plaintiff, the government has the burden of proving the reasonableness of the scope of employment certification. *See also* Memorandum Opinion and Order of July 11, 1994 (D.E. # 14). As the government has failed in its burden in this case, as discussed below, defendant's motion to substitute is DENIED.

At the September 27, 1994 hearing, the Court also ruled that because substitution of parties was denied, there remained no basis for federal court jurisdiction over this action.[1]

ous is plaintiff's failure to cite or attempt to distinguish *United States v. Smith*, 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991), which is directly on point to the questions raised by the Court following the May 23, 1994 hearing.

5. In arguing this point, citation to factually analogous authority is recommended.

1. The Court reasoned that, absent substitution of the government as defendant to this action,

plaintiff's complaint consisted of a state common law tort claim brought by one private individual against another, both residents of the State of Michigan. As such, there no longer existed any basis for federal jurisdiction over this dispute, and the Court felt remand to be both appropriate and required.

Thus, the Court granted remand at that time. Following the hearing, however, defendant moved for reconsideration of the remand decision upon various grounds previously argued. Upon reconsideration, the Court finds that it ordered remand without properly considering the issue.[2] After reconsideration, the Court finds defendant's position to be persuasive and, therefore, the order of remand is vacated and plaintiff's motion for remand must be and hereby is DENIED.

### Substitution of Parties

 In this case, plaintiff complains that defendant committed an intentional tort against her and argues that this act was not taken within his authority as a government employee or in the service of the government. Defendant's position is that the allegations of the complaint are untrue, and that if any physical contact occurred, it was accidental and incidental to his performance of duties. While defendant's version of the facts may very well be true, the government cannot base its certification upon its belief that the allegations of the complaint are false and that defendant ultimately will prevail.

In this case plaintiff alleges that defendant committed an assault and battery upon her. Plaintiff's evidence may appear weak, as it primarily is limited to her own testimony. Defendant testified that he did not assault plaintiff, and if there was any contact it was accidental. The Court finds that plaintiff has alleged sufficient facts to state a *prima facie* claim for assault and battery. Given the allegations of the complaint, in light of the evidence provided at the hearing, the government has failed to support its determination that defendant was acting within the scope of his employment if and when he committed the acts with which he is charged. If true, the conduct complained of was not in furtherance of a government purpose, nor was defendant acting within any authority granted to him by the government by virtue of his employment. Therefore, the scope certification made by the government is not supported by the facts of the case viewed in the light most favorable to the plaintiff. Accordingly, such certification is rejected by the Court.[3]

### Jurisdiction

 Defendant removed this action pursuant to the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1), and the Westfall Act, 28 U.S.C. § 2679(d), as an action filed in state court against a federal employee acting under color of his federal employment. Pursuant to 28 U.S.C. § 2679(d), the United States moved to be substituted as the defendant to this action, the Attorney General certifying that defendant was acting within the scope of his employment at the time of the incident out of which plaintiff's claim arose. Under 28 U.S.C. § 2679(d), the Attorney General's scope certification conclusively established for purposes of removal that defendant was acting within the scope of his employment, and thus under color of federal office, at the time of the incident. Therefore, removal was proper under both § 2679(d) and § 1442(a)(1).

 Following the Court's rejection of the government's scope certification as unreasonable and denial of the motion to substitute, the question is whether the Court may retain jurisdiction over the remaining state law claim. As noted by the Fourth Circuit in *Jamison v. Wiley*, 14 F.3d 222, 238 (4th Cir.1994), "[t]he Supreme Court has interpreted § 1442(a)(1) as guaranteeing a federal officer the right to remove an action commenced against him in state court when he can allege a 'colorable' federal defense to that action 'arising out of [his] duty to enforce federal law.'" *Id.* (quoting *Mesa v. California*, 489 U.S. 121, 133, 109 S.Ct. 959, 966–67,

---

**2.** Accordingly, defendant's motion for reconsideration is GRANTED.

**3.** The Court appreciates the government's position in this case. The government performed an investigation into plaintiff's allegations and apparently concluded that defendant's version of events is more likely true than that of plaintiff. Nevertheless, the Court is not in a position to rule upon the merits of plaintiff's claim at this stage; rather, the Court must determine whether the government can substitute itself for defendant because the properly supported allegations indicate that the conduct charged was taken by defendant within the scope of his employment.

103 L.Ed.2d 99 (1988)). In this case, as in *Jamison,* the defendant sought federal immunity under the Federal Tort Claims Act, seeking to substitute the government as defendant to plaintiff's complaint. Once that immunity has been rejected, plaintiff argues, there no longer is a basis for federal jurisdiction. While that argument seems logical on its face, with compelling reasoning the *Jamison* court reached a different conclusion.[4]

 As noted, to remove a case under § 1442(a)(1), a federal employee defendant must raise a "colorable" federal defense. *Id.* The federal court must have jurisdiction to determine whether the defense is valid. *Id.* After removal under § 1442(a), remand is proper only for a defect in the removal procedure or a lack of subject matter jurisdiction in the federal court. *Id.* at 239. There has been no challenge to the procedure in which this case was removed from state court. The sole question is whether subject matter jurisdiction continues to exist following rejection of the federal immunity defense.

The Court previously concluded that after rejection of defendant's immunity defense there no longer was any basis for federal jurisdiction. Nevertheless, the Fourth Circuit has held that the fact "[t]hat the federal court ultimately rejects the federal defense that supported removal under § 1442(a)(1) does not mean that it thereby loses subject matter jurisdiction over the removed action...." *Id.* The court reasoned that the removal jurisdiction granted by § 1442(a) is mandatory, not discretionary, and is designed to protect federal employees against local prejudice. *Id.* While the Court does not fear that this action is of the nature in which local prejudice against federal employees would play any role whatsoever—both parties being U.S. Postal Service employees at the time plaintiff's action arose—it is not a matter for case by case determination; rather, the policy incorporated into § 1442(a) provides for federal court adjudication of claims brought against federal officials which arise during the performance of their duties. *See Id.* While the Court rejected the gov-

ernment's scope certification, still that certification provided defendant with a colorable defense. Removal of this action was proper under § 1442(a)(1). At the time of removal, the Court possessed subject matter jurisdiction. Defendant still proceeds on the basis that he was acting within the course of his federal employment at the time the alleged intentional tort was committed. Therefore, the Court must retain jurisdiction over this state law action brought against a federal employee. *Id.* Accordingly, plaintiff's motion for remand must be DENIED.

### Disposition

As indicated herein, defendant's motion for reconsideration (D.E.# 17) is GRANTED. For the foregoing reasons, and for the reasons stated on the record at the hearing held September 27, 1994, both defendant's motion to substitute (D.E.# 7) and plaintiff's motion for remand (D.E.# 4) are DENIED.

SO ORDERED.

## ORDER DENYING RECONSIDERATION

Before the Court are two motions for reconsideration: (1) the United States' Motion and Brief for Reconsideration of the Court's Order of October 19, 1994 (D.E.# 20); and (2) plaintiff's Motion for Reconsideration Regarding Remand (D.E.# 23). For the reasons stated herein, both motions are DENIED.

### I

In its motion, the government seeks reconsideration of the Court's finding that there is not a sufficient factual basis to support the government's scope of employment certification and the resulting denial of the government's attempt to substitute itself for Robert Dudley as defendant to this lawsuit. Specifically, the government disagrees with the Court's review of the scope certification, arguing that the Court improperly viewed the facts of the case in the light most favorable to plaintiff, accepting as true the allegations made in the complaint. The government re-

---

**4.** The Court has been unable to find any Sixth Circuit law on point with the facts of this case or law indicating that the Sixth Circuit would reach a conclusion different from that of the Fourth Circuit in *Jamison.*

lies upon the decisions of three different circuit courts of appeals which have addressed the review to be used by the district courts in reviewing a scope of employment certification made by the Attorney General. *See Wood v. United States,* 995 F.2d 1122 (1st Cir.1993) (en banc); *Melo v. Hafer,* 13 F.3d 736 (3d Cir.1994); *Kimbro v. Velten,* 30 F.3d 1501 (D.C.Cir.1994). The government argues that the dissenters in *Wood,* as well as the unanimous panels in *Melo* and *Kimbro,* held that the denial of the plaintiff's allegations may be sufficient to support a scope certification under the Westfall Act, and that the district court must resolve all factual disputes that affect the immunity issue. Based upon these cases, the government requests reconsideration by this Court of its decision to deny substitution, including further evidentiary proceedings if necessary to resolve the facts in dispute which pertain to the immunity issue.

While by this Order the Court is denying reconsideration of the denial of substitution by the United States for defendant Dudley, it is not because the government's argument lacks merit, but rather because, after considering the scope of employment issue by the procedure urged by the government, the Court is not swayed from its previous disposition of the motion for substitution. *See* E.D.Mich.LR 7.1(h)(3). In its motion, the government challenges the procedure followed and factual presumptions made by the Court in its review of the scope of employment certification. In consideration of these objections, the Court first must conduct an examination of the case law relied upon by the government in support of its motion.

### A

■ To commence, it must be recognized that there are two divergent views espoused by the circuit courts in those cases upon which the government now relies. In *Wood,* the First Circuit held, as did this Court in its Order of October 19, 1994, that in making a scope of employment certification under the Westfall Act, the government must do more than merely deny the factual allegations of the complaint. 995 F.2d at 1124, 1128–29.

In fact, according to this view, "the Attorney General's certificate [sic] must assume the existence of an 'incident out of which the claim arose.'" *Id.* at 1129 (quoting 28 U.S.C. § 2679(d)(1)). Thus, in review of such certification the Court must also assume the existence of some harm-causing incident in order to address the scope of employment issue.

Both the Third and the D.C. Circuits, as well as a three judge dissent in *Wood,* after examination of the issue concluded that the scope of employment certification may be grounded in the Attorney General's belief that the facts alleged in the complaint are untrue. In review of such certification, the district court must resolve all factual and legal issues, determining whether the defendant "did or did not act within the scope of his or her employment." *Melo,* 13 F.3d at 747; *Kimbro,* 30 F.3d at 1509; *see also Wood,* 995 F.2d at 1133–38 (Coffin, Selya, and Boudin dissenting).

As the Sixth Circuit has yet to confront this issue, both the scope and procedure of this Court's review is in question. In the present case, however, either application would result in the same disposition. If the Court were to follow the view of the First Circuit, then the procedure followed and the factual findings made by the Court thus far are correct and the scope of employment certification made in this case was properly rejected. Under the holdings of the Third and D.C. Circuits, while the procedure followed by the Court thus far would be incomplete, the ultimate result would be the same and the certification also would be properly rejected.[1]

### B

In *Melo,* the Third Circuit, after holding that the scope certification may be premised upon defendant's denial of the facts alleged in the complaint, set forth the procedure to be followed by the district court in reviewing the scope certification. *See id.,* 13 F.3d at 747. In a case where an individual federal employee is named as a defendant in the lawsuit, the Attorney General may file a certification pursuant to 28 U.S.C. § 2679(d)(1)

---

1. *See* discussion, *infra* at C.

whenever he or she concludes that the defendant employee was acting within the scope of employment at the relevant time or times. The certification should state the basis for its conclusion[2] so that the certification can be given *prima facie* effect. *Id.*

If the Attorney General's certification is based on a different understanding of the facts than is reflected in the complaint, the plaintiff should be permitted reasonable discovery and should then be called upon to come forward, as if responding to a motion for summary judgment, with competent evidence supporting the facts upon which he would predicate liability, as well as any other facts necessary to support a conclusion that the defendant acted beyond the scope of his employment. If the plaintiff fails to tender such evidence, the statute requires that substitution be ordered.

If the plaintiff does come forward with competent evidence that would permit a conclusion contrary to that found in the certification, the defendant and the government, after discovery if desired, are entitled to an evidentiary hearing at which both sides will tender their evidence on all disputes material to the scope of employment issue. Thereafter, the district court will resolve all issues of fact or law relevant to that issue and will find that the defendant did or did not act within the scope of his or her employment. If the court's finding favors the defendant, then substitution must be granted. If the court determines that the defendant did not act within the scope of his or her employment, the case will proceed against the defendant employee.

*Id.* at 747–48.

## C

In the Court's Order of July 12, 1994, the Court indicated that plaintiff was to offer a factual basis for the allegations made in her complaint and the government would then be allowed to argue that defendant's conduct, as properly alleged by plaintiff, amounted to conduct undertaken within the scope of his employment. Order of July 12, 1994 at 6. On September 27, 1994, an evidentiary hearing was held after which the Court found that plaintiff had established a *prima facie* case of assault and battery and that the government had failed to prove that the complained of conduct constituted acts within defendant's scope of employment. Order of October 19, 1994 at 3. In considering the issue, the Court noted that "[w]hile defendant's version of the facts may very well be true, the government cannot base its certification upon its belief that the allegations of the complaint are false and that defendant ultimately will prevail." *Id.* at 2. As noted above, this view is in accordance with the First Circuit's holding in *Wood,* 995 F.2d 1122, and, if that interpretation of the law is adopted by the Sixth Circuit, then the analysis was proper and substitution rightly denied. Under the view of the Third and D.C. Circuits, however, the analysis is incomplete; nevertheless, as an evidentiary hearing was held on this matter the Court is able to make the factual findings that are necessary to that alternative review.

In both *Melo* and *Kimbro,* the Courts of Appeals held that the Attorney General's certification is to be given *prima facie* effect. *Melo,* 13 F.3d at 747; *Kimbro,* 30 F.3d at 1509. Then, treating the motion to substitute as one for summary judgment, it falls upon the plaintiff to come forward with "competent evidence supporting the facts upon which he would predicate liability." *Melo,* 13 F.3d at 747. As the Court found that plaintiff had done this, the burden then shifted to the government to tender evidence and persuade the Court that defendant conducted himself as certified, such conduct falling within the scope of his employment. While none of the courts cited by the government indicate which party bears the burden of

---

**2.** The Court notes that in this case the scope of employment certification does not indicate its basis in fact and, if the government is to embrace the holdings of the Third Circuit as to this issue, in future cases the government agent making such certification should make the basis for his or her certification self-evident within the certification. As indicated in *Melo,* if the Attorney General's certification states the basis for his or her conclusion, then "the certification will focus the subsequent proceedings on the motion for substitution and the certification can be given the *prima facie* effect in those proceedings that Congress intended it to have." 13 F.3d at 747.

proof on the scope of employment issue, *see Melo,* 13 F.3d at 747 (district court will find defendant did or did not act within scope of employment); *Kimbro,* 30 F.3d at 1509 (district court must resolve material factual disputes at evidentiary hearing), if the motion for substitution is treated as one for summary judgment, *see id.,* then after the *prima facie* effect of the scope certification has been rebutted by plaintiff with "competent evidence," the government, as moving party, must prove by a preponderance of the evidence that the facts upon which the scope certification is based are indeed the correct facts.

In most cases, where the evidence presented weighs more heavily in one direction or the other or where the Court is able to determine that one party or the other is clearly lacking in credibility, a determination may be readily apparent. In this case, however, we are presented with a plaintiff and defendant who each allege entirely different circumstances occurring at the very same point in time, with one supporting witness produced by each party whose testimony failed to illuminate the matter sufficiently for a clear resolution. At the hearing, the Court was unable to determine that either party was more or less credible than the other or that one version of the facts was more likely true. In such a situation, the party bearing the burden of proof will be found not to have carried that burden. In this case the government, seeking to substitute itself for defendant, has not met its burden and the motion for substitution must be and was denied.

### D

Because the Court was unable to make a determinative factual finding, plaintiff must proceed with her case. Unlike the instance discussed by the court in *Kimbro,* 30 F.3d at 1509–10, and the dissent in *Wood,* 995 F.2d at 1136, where the merits of the plaintiff's claims and the scope of employment issue

coincide *and* the court determines that the defendant acted as alleged by the plaintiff, in this case plaintiff is not entitled to summary judgment. The Court has not found that defendant acted as alleged by plaintiff, but rather that the government has failed to support its certification that defendant acted within the scope of his employment *at the time of the incident* as alleged by plaintiff. If after trial on the merits a similar factual uncertainty exists within the minds of the jury, then plaintiff will have failed to carry her burden on her assault and battery claims, resulting in a finding of no cause.

### II

Plaintiff moves for reconsideration of the Court's Order of October 19, 1994 to the extent that the Court denied plaintiff's motion to remand this action to state court. The grounds for plaintiff's motion is that the Court improperly followed the precedent established by the Fourth Circuit Court of Appeals in *Jamison v. Wiley,* 14 F.3d 222 (4th Cir.1994), which plaintiff argues must be distinguished from the facts of this case. The Court disagrees.

The defendant in *Jamison* had no stronger federal defense than did Mr. Dudley in this case—in fact, as the Attorney General withdrew its certification in the *Jamison* case, it appears that the defendant's alleged federal defense in that case was even less colorable than that of Mr. Dudley. This Court explained in its previous Order that removal was proper as under the Westfall Act the Attorney General's scope certification is conclusive for purposes of removal. 28 U.S.C. § 2679(d)(1). Because the certification was made, defendant had a colorable federal defense and removal also was proper under 28 U.S.C. § 1441(a).[3] Merely because the defense has been rejected does not make this any less true and the federal employee, acting under a federal officer, is entitled to have his case tried in a federal forum.

---

**3.** The defense was colorable by virtue of the Attorney General's scope certification. Defendant herein does not merely recite "color of office" language. While the Court has held that the government cannot reasonably certify that defendant was acting within the scope of his

employment for purposes of substitution, still, the government did make the certification, which is conclusive for jurisdictional purposes. And jurisdiction for removal is determined at the time of the removal.

## III

For the foregoing reasons, both the government's (D.E.# 20) and plaintiff's (D.E.# 23) motions for reconsideration are DENIED.

SO ORDERED.